IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-218-FL

| | |
|---|---|
| CHRISTOPHER JOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COUNTRYWIDE FINANCIAL )<br>CORPORATION, a Delaware )<br>Corporation; COUNTRYWIDE HOME )<br>LOANS, a New York Corporation; )<br>DECISION ONE MORTGAGE, LLC, a )<br>subsidiary of HSBC Mortgage )<br>Corporation and HSBC Mortgage )<br>Services, Inc, a New York corporation; )<br>NATIONWIDE TRUSTEE SERVICES, )<br>INC., a Tennessee corporation; )<br>MONICA WALKER, an individual; )<br>and LITTON LOAN SERVICING, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on plaintiff's motion for leave to amend the complaint and to join a party defendant (DE #83). Defendant Litton Loan Servicing ("Litton") has responded in opposition, to which response plaintiff has filed a reply. For the reasons that follow, plaintiff's motion to amend is denied without prejudice.

Plaintiff's motion to amend is timely, as it was filed within the time for amendments contemplated by the court's case management order dated December 1, 2010. However, as vigorously noted by Litton in its response in opposition to plaintiff's motion to amend, the proposed second amended complaint is plagued with deficiencies. Litton argues that the proposed second

amended complaint, which spans forty-eight (48) pages and alleges twenty-one (21) causes of action, violates Rule 8 of the Federal Rules of Civil Procedure for failure to set forth a short and plain statement showing that plaintiff is entitled to relief. Litton further argues that plaintiff's motion should be denied on the grounds that many of plaintiff's asserted causes of action are nonexistent and that amendment would be futile.

Rule 15 provides that after the time within which to amend a complaint as of right, a plaintiff may amend his complaint only by leave of court or written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). Leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Litton correctly argues that several of the causes of action alleged in the proposed second amended complaint are nonexistent causes of action and therefore futile.[1] However, with deference to the liberal policy of allowing claims to be heard on their merits, the court will not refuse amendment entirely where plaintiff has demonstrated the existence of other meritorious causes of

---

[1] Counts VII, XV, and XVI assert violations of state criminal law. Litton correctly observes that, as these are state criminal offenses, no civil cause of action may be maintained by plaintiff for their violation. See Diamond v. Charles, 476 U.S. 54, 64 (1986) (observing that a private citizen has no standing to initiate a federal prosecution). Additionally, Count IX asserts a cause of action for "Statement of Relevant North Carolina Law and the Uniform Commercial Code," which is clearly not legitimate. Further, Count VI asserts a cause of action for "Respondeat Superior," which is not in itself a cause of action but rather a doctrine of vicarious liability, operating to hold employers liable for certain torts committed by employees. See Charles Daye & Mark Morris, *North Carolina Law of Torts* § 23.20 (2d ed. 1999). Plaintiff has also acknowledged that Count II erroneously states a claim for "Conversion." (DE #92, p.3).

action. Nevertheless, the court cannot discern a principled method by which to strip the proposed second amended complaint of futile causes of action while allowing meritorious ones to remain in place. It appears that plaintiff intended at least some of the factual assertions contained within those futile causes of action to be incorporated by reference into other, perhaps meritorious, causes of action.[2] For that reason, the court is reticent to strike portions of the proposed second amended complaint on its own initiative.

Because plaintiff's motion was timely filed within the period for amendments contemplated by the court in its case management order, the court will permit plaintiff an opportunity to submit another proposed second amended complaint cured of the deficiencies described within this order. Plaintiff's motion to amend (DE #83) is therefore DENIED without prejudice. Plaintiff shall have fourteen (14) days from the date of this order within which to bring a new motion to amend, properly supported by a memorandum in support and copy of proposed second amended complaint. Plaintiff's next proposed second amended complaint shall not assert those causes of action which the court has identified in footnote one as futile,[3] and shall comport with the requirements of Rule 8.[4] Plaintiff is cautioned to draft anew with care, as a motion to amend may be denied for failure to

---

[2] For example, plaintiff asserts in his reply to defendant's response in opposition that the factual allegations regarding criminal activity by defendants are necessary predicate offenses to support plaintiff's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

[3] Plaintiff will find it necessary to reorganize the proposed second amended complaint to set forth in logical fashion the factual allegations which are necessary to support each cause of action. For example as noted in the preceding footnote, any allegation of criminal activity by defendants, if necessary to support a RICO claim, shall be set forth within that cause of action and shall be clearly identified as necessary predicate offenses.

[4] Plaintiff is cautioned that where a complaint is so confused or unintelligible that is places an unjustifiable burden on defendants to determine the nature of the claim against them, and further which imposes an unjustifiable burden on the court to sort out facts which lay hidden in a mass of charges, arguments, and generalizations, is subject to dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure. See Spencer v. Hedges, 838 F.2d 1210 (4th Cir. 1988). The court and defendants will not be obliged to ferret through the complaint, searching for viable claims. See Holsey v. Collins, 90 F.R.D. 122 (D.Md. 1981).

cure deficiencies by amendments previously allowed. Foman 371 U.S. at 182. For that reason, the court will not look favorably on a proposed second amended complaint which is not cured of the deficiencies identified here by the court.

Furthermore, in light of these developments, the deadlines imposed on the parties by the court's previous case management order shall be STAYED until the court issues such other and further orders as may become necessary. Defendants' motions to stay deadlines (DE ##102, 105) are accordingly GRANTED.

SO ORDERED, this the 23rd day of February, 2011.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge