IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-218-FL

| | | |
|---|---|---|
| CHRISTOPHER JOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COUNTRYWIDE FINANCIAL CORPORATION, a Delaware Corporation; COUNTRYWIDE HOME LOANS, a New York Corporation; DECISION ONE MORTGAGE, LLC, a subsidiary of HSBC Mortgage Corporation and HSBC Mortgage Services, Inc, a New York corporation; NATIONWIDE TRUSTEE SERVICES, INC., a Tennessee corporation; MONICA WALKER, an individual; and LITTON LOAN SERVICING, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | | |

This matter comes before the court on several motions including plaintiff's motion for leave to file second amended complaint (DE # 119), plaintiff's motion for extension of time to file (DE # 129), and defendants' motions to strike (DE ## 126, 131). These matters are fully briefed and are ripe for review. For the reasons that follow, plaintiff's motion for extension of time to file is GRANTED, plaintiff's motion for leave to file second amended complaint is GRANTED in part and DENIED in part, and defendants' motions to strike are DENIED.

**STATEMENT OF THE CASE**

Plaintiff filed his initial complaint on May 28, 2010. The initial complaint named a number of defendants, including Countrywide Financial Corporation and Countrywide Home Loans

("Countrywide"), Decision One Mortgage Company, LLC ("Decision One"), Nationwide Trustee Services, Inc. ("Nationwide"), Monica Walker ("Walker"), Annie Lancaster ("Lancaster"), Dixie Maddrey Team, and Does 1-10, and asserted various claims arising out of the allegedly wrongful foreclosure of plaintiff's home.

Plaintiff's first amended complaint, filed July 30, 2010, added Litton Loan Servicing ("Litton") and Dixie Maddrey ("Maddrey") as defendants. The claims stated therein were as follows: (1) Unfair and deceptive trade practices and predatory lending; (2) abuse of process and fraud; (3) conversion; (4) negligent hiring and supervision and conspiracy; (5) negligent hiring and supervision and conspiracy; and (6) a federal violation of Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq*. Later, plaintiff voluntarily dismissed his claims against Decision One, Countrywide, Dixie Maddrey Team, Maddrey, and Lancaster pursuant to Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure.

On December 3, 2010, plaintiff filed motion for leave to amend the complaint and to join a party defendant. Plaintiff's proposed second amended complaint sought to add eight new defendants and asserted a total of twenty-one (21) causes of action, spanning a total of forty-eight (48) pages. Litton argued in response that the amendment should be denied on the basis of futility.

On February 23, 2011, the court observed that the proposed amendment asserted many nonexistent causes of action, and that therefore the proposed amendment was futile as to those claims. Because the various causes of action were so intertwined, however, the court could not discern a principled method by which to strip the proposed amendment of futile causes of action while allowing meritorious ones to go forward. The court therefore denied the amendment without prejudice and directed plaintiff to file a new motion to amend within fourteen (14) days,

accompanied by revised proposed amendment, cured of noted deficiencies. Per the terms of the order, plaintiff's deadline to file was March 9, 2011.

On March 10, 2011, at 12:38 a.m., plaintiff filed motion to amend, which has been fully briefed. On March 29, 2011, plaintiff filed motion for extension of time to file, seeking to cure the tardy motion to amend. Litton filed response in opposition, as did Nationwide and Walker. Finally, on March 18, 2011, Litton filed a motion to strike the proposed amendment, to which plaintiff responded and Litton then replied. Nationwide and Walker similarly filed motion to strike the proposed amendment on March 30, 2011. Plaintiff did not file a response.

## DISCUSSION

A.     Motion for Extension of Time to File

Plaintiff's motion for extension seeks to cure the tardiness of plaintiff's motion to amend. Plaintiff submits that counsel began placing documents in the electronic system on the evening of March 9, 2011, the deadline for filing, but due to technical difficulties, the process was not completed until 12:38 a.m. on the day after the deadline. Plaintiff's motion is deficient in that it does not show prior consultation with opposing counsel or the views of opposing counsel as required by Local Civil Rule 6.1. Nevertheless, the views of opposing counsel are on the record as Litton, Nationwide and Walker all filed vigorous responses in opposition to the requested extension.

Plaintiff makes his motion pursuant to Federal Rule of Civil Procedure 60(b). That rule, which provides grounds for relief from a final judgment, order, or proceeding, has no application to this circumstance where plaintiff seeks only an extension of time to file. The court construes plaintiff's motion as one pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Under that rule, "where the specified period for the performance of an act has elapsed, a district court may enlarge

3

the period and permit the tardy act where the omission is the result of 'excusable neglect.'" Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380, 391-92 (1993). "Excusable neglect" is generally recognized as encompassing inadvertent delays. Id.

> "[W]hether lawyer neglect can be deemed 'excusable' is 'at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"

Gaskins v. BFI Waste Services, LLC, 281 Fed.App'x 255, 260 (4th Cir. 2008) (quoting Pioneer, 507 U.S. at 395). Whether to grant an enlargement of time is within the discretion of the district court. Thompson v. E.I. Dupont de Nemours & Co., 76 F.3d 530, 532, n. 2 (4th Cir. 1996).

Taking into account all relevant circumstances, it appears to the court that equity requires the requested extension to be given. At a mere thirty-eight (38) minutes, it cannot reasonably be said that the overnight delay created danger of prejudice to defendants or that it negatively impacted the proceedings before this court. See Harman v. Unisys Corp., 356 Fed.App'x 638, 639-40 (4th Cir. 2009) (affirming where district court permitted party to file responsive brief one day out of time). Defendants aggressively argue that counsel should not have waited until 11:35 p.m. on the night of the deadline to begin submitting such voluminous documents, and that the large amount of time necessary to complete the submission was foreseeable to plaintiff's counsel. Defendants' point is well-taken, however, it does not appear to the court that counsel acted in bad faith, or that the resulting delay was anything other than inadvertent. Accordingly, the court in its discretion determines that good cause has been shown, and plaintiff's motion for extension of time shall be GRANTED and the delay in filing the motion to amend and supporting documents excused.

4

B.  Motion for Leave to Amend

A plaintiff may amend his complaint one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, however, a plaintiff may amend his complaint only by leave of the court or by written consent of the defendant, although leave to amend "shall be freely given when justice so requires." Id. This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999). Leave to amend should be freely given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

The proposed second amended complaint seeks to add several defendants and claims. In all, plaintiffs seek to add eight new defendants, informing that these new parties were revealed during exchange of initial disclosures. The amendment advances thirteen claims, including various claims for fraud, misrepresentation, unfair and deceptive trade practices, negligent supervision, reformation, slander of title, quiet title, and also claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

Defendants' responses in opposition advance several arguments as to why leave to amend should be denied. First, defendants argue that plaintiff's submission was untimely and that good cause has not been demonstrated sufficiently to excuse the late filing. As explained above, however,

5

the court finds good cause to grant an extension where counsel demonstrated excusable neglect amounting to a mere thirty-eight (38) minute inadvertent delay in filing. Defendants arguments as to timeliness are therefore not addressed further.

Defendants next argue that plaintiff should not be granted leave to amend because the proposed second amended complaint violates Rule 8 of the Federal Rules of Civil Procedure. That rule requires that the party seeking relief set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The rule also requires that the allegations of the complaint be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Nevertheless, the rule still requires a "showing," rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n. 3 (2007). The Supreme Court has recently emphasized that the purpose of the rule is to provide the defendant with "fair notice of what . . . the claim is and the grounds upon which it rests." Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Thus, while a complaint comprised solely of labels and conclusions is insufficient to satisfy this rule, specific facts, elaborate arguments, or fanciful language are not necessary." Spencer v. Earley, 278 Fed.App'x. 254, 259 (4th Cir. 2008). However, Rule 8(a) does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555-57). Except as to three specific claims, examined more particularly below, the allegations of the proposed second amended complaint are plain enough to provide defendants with "fair notice of what . . . the claim is and the grounds upon which it rests." See Twombly, 550 U.S. at 555. The court therefore will not deny opportunity to amend on this basis.

Finally, defendants argue that the proposed amendment should be denied on grounds of futility, advancing argument as to each individual claim for relief. An amendment is futile where

6

it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986).

Several of plaintiff's claims for relief clearly are not futile. These include plaintiff's claims for fraud, abuse of process, unfair and deceptive trade practices, negligent supervision, slander of title, and quiet title, and plaintiff's FDCPA claim. Defendants argue that these claims are futile in that plaintiff has failed to allege fraud in a way that satisfies the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and that plaintiff has failed to allege facts supporting certain essential elements of the other claims. The court readily concedes that plaintiff's proposed second amended complaint is not a model of clarity, and defendants raise good arguments regarding the technical deficiencies of the allegations therein. Nevertheless, having thoughtfully examined

7

defendants' arguments as to the futility of those causes of action identified in this paragraph, the court does not find cause to disallow these claims in light of the liberal standard embraced by Rule 15(a), which requires that leave to amend be "freely given," as the amendment is not "clearly insufficient or frivolous on its face" as to these causes of action. See Johnson, 785 F.2d at 510. Plaintiff's proposed second amended complaint is ALLOWED as to these causes of action. The remaining causes of action, however, shall not be allowed, as explained in greater detail below.

Plaintiff's fifth claim for relief states a federal RICO claim pursuant to 18 U.S.C. § 1962(c), and sets forth fourteen (14) pages of meandering allegations. Defendants lodge vehement argument in opposition, asserting that the claim would be futile if permitted to proceed. The court agrees.

Like all federal claims, the sufficiency of a civil RICO claim is judged in accordance with the notice pleading requirement of Rule 8(a), requiring that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The court finds that plaintiff has failed to plead the essential elements of a RICO claim with the brevity and clarity required by Rule 8(a). Having examined the factual allegations set forth in the proposed second amended complaint, the court cannot determine how the RICO elements are satisfied by the ninety-seven (97) paragraphs contained within Count V, much less the rest of the complaint incorporated by reference. Moreover, in the court's order dated February 23, 2011, wherein the court extended plaintiff an opportunity to redraft his proposed second amended complaint instead of denying it outright for futility, the court cautioned plaintiff to observe carefully the requirements of Rule 8 and to "draft anew with care." At least as to the RICO claim, plaintiff has not heeded the court's warning. The allegations of the proposed second amended complaint are too convoluted and wandering to satisfy Rule 8(a)'s requirement that the pleader set forth "a short and plain statement of the claim showing

8

that the pleader is entitled to relief," and places too much of a burden on defendants and the court to determine the basis for the RICO claim. As aptly articulated by the Fifth Circuit:

> It is perhaps not impossible that a RICO claim may lie hidden or buried somewhere in [plaintiff's] complaints . . [the] pleadings do not unequivocally negate such a possibility. However, they also do not state a RICO claim against defendants with sufficient intelligibility for a court or opposing party to understand whether a valid claim is alleged and if so, what it is.

Old Time Enterprises, Inc. v. International Coffee Corp., 862 F.2d 1213, 1218 (5th Cir. 1989). This court will not embark on an excursion to interpret plaintiff's allegations to extract a RICO claim that might, but might not, lie hidden or buried somewhere therein. Plaintiff is not granted leave to amend as to the RICO claim, where the proposed amendment is clearly insufficient as to this claim, and therefore futile. See Johnson, 785 F.2d at 510.

Plaintiff's ninth claim for relief asserts a claim for "fraudulent conveyance." Pursuant to the Uniform Fraudulent Transfer Act, a conveyance by a debtor is fraudulent to a creditor if it is made "with intent to hinder, delay, or defraud any creditor of the debtor." N.C. Gen. Stat. § 39-23.4. The statute clearly contemplates a conveyance *by a debtor* with the intent *to defraud a creditor*. Plaintiff alleges that he was defrauded; he does not, however, allege that a conveyance was made by a debtor, or that it was made with the intent to defraud a creditor. Leave to amend is denied as to plaintiff's ninth claim for relief, where the allegations are clearly insufficient to establish a fraudulent conveyance claim.

Plaintiff's eleventh claim for relief asserts a claim for "reformation," stating that "plaintiff is entitled to have clear title restored and the court should order the clerk of the county to release the mortgage and strike all mortgage assignments filed in the name of the defendants as to the plaintiff." ¶ 236. "Reformation is a well-established equitable remedy used to reframe written instruments

9

where, through mutual mistake . . . the written instrument fails to embody the parties' actual, original agreement." Lawyers Title Ins. Co. v. Golf Links Development Corp., 87 F.Supp.2d 505, 512 (W.D.N.C. 1999). "In order to establish a mutual mistake, the party seeking reformation must show that the parties to the contract intended to agree to terms that are different from those reflected in the writing." Cross v. Bragg, 329 Fed. App'x. 443, 454 (4th Cir. 2009) (citing Restatement (Second) of Contracts § 152 (1979) ("[I]f mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake.")). Here, plaintiff does not allege mutual mistake, or that the written instrument does not embody the parties' agreement. Plaintiff shall not be granted leave to amend to add the claim for reformation, as the allegations are "clearly insufficient" to establish the claim.

C.      Motions to Strike

In their motions to strike the proposed second amended complaint, defendants repeat the same arguments in opposition to the request for leave to amend, which arguments have already been addressed by the court. Accordingly, and because leave to amend is allowed with those few exceptions specifically noted, defendants' motions to strike the proposed second amended complaint are DENIED.

D.      Case Schedule

In sum, leave to amend is granted as to all of plaintiff's claims except those for RICO, fraudulent conveyance, and reformation. Where plaintiff's motion for leave to file second amended complaint is allowed, the same shall come now into the record. Plaintiff shall serve all defendants with the second amended complaint and exhibits thereto, along with a copy of this order, and file

10

proof of service as required. Defendants shall have the time permitted under the rules within which to respond to the second amended complaint. Preliminary motions, if any, shall be filed on the same schedule. Should the case remain pending after decision on any preliminary motion(s), the parties shall have twenty-one (21) days from date of entry of the order to confer and propose pursuant to the rules another schedule for disposition of the case, with reference being made to the court's initial order lodged at docket entry number 41 for the requirements to be adhered to in making joint report and plan to the court, which plan shall follow on the docket within fourteen (14) days after the parties' conference. If either side then determines a conference with the court may aid in address of scheduling matters, such request shall be memorialized on the face of the report and plan. If the parties cannot agree on a comprehensive case schedule, separate reports, as noted, shall be made.

## CONCLUSION

For the foregoing reasons:

1. Plaintiff's motion for extension of time to file (DE # 129) is GRANTED;

2. Plaintiff's motion for leave to file second amended complaint (DE # 119) is DENIED as to Counts V, IX, and XI. Plaintiff cannot proceed on those claims, and defendants accordingly have no requirement in pleading to respond to such claims. Plaintiff's motion for leave to file is GRANTED as to the remaining claims of the second amended complaint. The clerk is DIRECTED now to take separately into the record plaintiff's second amended complaint, as it appears at docket entry number 114, including all exhibits thereto;

3. Plaintiff shall serve all defendants with the second amended complaint and exhibits thereto, as well as a copy of this order, and shall file proof of service as required;

4. Defendants, absent any extension, shall have **twenty-one (21)** days from date of service within which to respond to the second amended complaint, and any preliminary motions of the type which reasonably may be made at this juncture of the case shall be filed on the same schedule, with memorandum in accordance with the local rules;

5. Defendants' motions to strike (DE ## 126, 131) are DENIED; and

6. The parties are DIRECTED at a future stage described above to meet and confer pursuant to Rule 26(f) and submit to the court a joint report and plan in furtherance of the dispatch of the case.

SO ORDERED, this the 19th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge